# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO PEREIDA, | 1:10-cv-00860-OWW-JLT HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNEXHAUSTED (Doc. 11) |
| JAMES D. HARTLEY, Warden, | |
| Respondent. | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

Petitioner filed the instant federal petition on May 14, 2010, challenging a March 12, 2008 decision of the California Board of Parole Hearings ("BPH") finding Petitioner unsuitable for parole. (Doc. 1). On June 11, 2010, the Court ordered Respondent to file a response to the petition. (Doc. 7). On August 10, 2010, Respondent filed the instant motion to dismiss, contending that the petition was not exhausted because Petitioner's state petition to the California Supreme Court raised only state law issues. (Doc. 11). On August 11, 2010, Petitioner's counsel filed an opposition to Respondent's motion to dismiss. (Doc. 12). Subsequently, Respondent filed a reply (Doc. 13), and Petitioner's counsel filed a response to the reply. (Doc. 14). For the

1

1  reasons set forth below, the Court recommends that Respondent's motion to dismiss for lack of
2  exhaustion be denied.

3  **DISCUSSION**

4  A.  Procedural Grounds for Motion to Dismiss

5  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
6  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the
7  petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section
8  2254 Cases.

9  The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an
10 answer if the motion attacks the pleadings for failing to exhaust state remedies or being in
11 violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th
12 Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
13 remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural
14 grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.
15 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss
16 after the Court orders a response, and the Court should use Rule 4 standards to review the
17 motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

18 In this case, Respondent's motion to dismiss is based on Respondent's contention that
19 Petitioner has never exhausted his claims in the California Supreme Court.  Accordingly, the
20 Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.
21 O'Bremski, 915 F.2d at 420.

22 B.  Exhaustion.

23 A petitioner who is in state custody and wishes to collaterally challenge his conviction by
24 a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
25 The exhaustion doctrine is based on comity to the state court and gives the state court the initial
26 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
27 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d
28 1158, 1163 (9th Cir. 1988).

1    A petitioner can satisfy the exhaustion requirement by providing the highest state court

2    with a full and fair opportunity to consider each claim before presenting it to the federal court.

3    Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

4    Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest

5    state court was given a full and fair opportunity to hear a claim if the petitioner has presented the

6    highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis);

7    Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

8    Additionally, the petitioner must have specifically told the state court that he was raising

9    a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

10   669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

11   Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

12   Supreme Court reiterated the rule as follows:

13          In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of
     state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts
14   in order to give the State the "opportunity to pass upon and correct alleged violations of
     the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are
15   to be given the opportunity to correct alleged violations of prisoners' federal rights, they
     must surely be alerted to the fact that the prisoners are asserting claims under the United
16   States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a
     state court trial denied him the due process of law guaranteed by the Fourteenth
17   Amendment, he must say so, not only in federal court, but in state court.

18   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

19          Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his
     federal claims in state court *unless he specifically indicated to that court that those claims*
20   *were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).
     Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must*
21   *make the federal basis of the claim explicit either by citing federal law or the decisions of*
     *federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d
22   882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
     underlying claim would be decided under state law on the same considerations that would
23   control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F.3d 1098, 1106-
     07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
24
            In Johnson, we explained that the petitioner must alert the state court to the fact
25   that the relevant claim is a federal one without regard to how similar the state and federal
     standards for reviewing the claim may be or how obvious the violation of federal law is.
26
27   Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

28          Respondent argues that Petitioner failed to first exhaust in state court the claims presented

3

in the instant petition because he relied exclusively on California law in his state petition before the California Supreme Court.  (Doc. 11, pp. 3-4).  Respondent's motion to dismiss is without merit and ignores the plain meaning of the petition presented to the California Supreme Court.

First, contrary to Respondent's contentions, Petitioner did not rely exclusively on state law; rather, the petition submitted to the California Supreme Court raised the following two claims:

> (1) the BPH's decision denied due process because it set forth no evidence whatsoever suggesting that Mr. Pereida's parole currently poses "an unreasonable risk of danger to public safety," the statutory standard below which a parole date "shall" be set; and (2) the offense facts recited by the Panel did not constitute any evidence of a current unreasonable public safety risk because they define the elements of Mr. Pereida's commitment offense, and because his parole can no longer be precluded based on those facts, In re Lawrence, 44 Cal. 4th 1181 (2008).

(Doc. 11, Ex. 1, p. 5, p. 7).  The second ground for relief, while not directly referencing a federal constitutional right in the heading, nevertheless contains an extensive discussion of Lawrence and concludes by asserting that the BPH's 2008 decision, by failing the mandated "some evidence" test, violated Petitioner's federal due process rights. (Id., p. 11).

In the Court's view, a fair reading of the claims raised in the state court petition presented by Petitioner to the California Supreme Court supports a finding that Petitioner presented the federal basis of his claim to the state high court and that Respondent's argument to the contrary should be rejected.

Moreover, recent Ninth Circuit case law addressing the federal liberty interest involved in cases challenging denials of parole by the BPH and the Governor of California has clarified the clearly established federal constitutional bases inherent in such challenges.  In Hayward v. Marshall, issued by the Ninth Circuit on April 22, 2010, after Petitioner had filed his state court petition on December 10, 2008, but well before Respondent filed the instant motion to dismiss on August 10, 2010, the Ninth Circuit expressly found that, although there is no independent right to parole under the United States Constitution, the right exists, the right is created by California's statutory parole scheme,  and the right is subject to review under 28 U.S.C. § 2254. Hayward v. Marshall, 603 F.3d 546, 561 (9th Cir. 2010)(en banc).  On May 24, 2010, also prior to the filing of the instant motion to dismiss, the Ninth Circuit further clarified its decision in

1   <u>Hayward</u>, stating as follows:

2   Through its state statutory and constitutional law, California has created a parole system
    that independently requires the enforcement of certain procedural and substantive rights,
3   including the right to parole absent "some evidence' of current dangerousness. <u>Hayward</u>,
    603 F.3d at 561-563 (discussing, <u>inter alia</u>, <u>In re Lawrence</u>, 44 Cal.4th 1181 (2008); <u>In re</u>
4   <u>Shaputis</u>, 33 Cal.4th 1241 (2008); and <u>In re Rosenkrantz</u>, 29 Cal.4th 616 (2002).
    California law gives rise to a liberty interest on the part of its prisoners covered by its
5   parole system.  Having guaranteed the prisoners of the state that they will not be denied a
    parole release date absent "some evidence" of current dangerousness, California is not
6   permitted under the federal Constitution arbitrarily to disregard the "some evidence"
    requirement in any particular case.  It is therefore our obligation, as we held in <u>Hayward</u>,
7   to review the merits of a federal habeas petition brought by a California prisoner who
    asserts that the decision to deny him parole was not supported by "some evidence" of his
8   current dangerousness.  Under AEDPA, this means that we review "whether the
    California judicial decision approving the governor's [or parole board's] decision
9   rejecting parole was an "unreasonable application" of the California "some evidence"
    requirement, or was "based on an unreasonable determination of the facts in light of the
10  evidence." <u>Hayward</u>, 603 F.3d at 563 (<u>quoting</u> 28 U.S.C. § 2254(d)(1)-(2).

11  <u>Pearson v. Muntz</u>, 606 F.3d 606,  (9th Cir. 2010)(footnote and parallel state citations omitted); <u>see</u>

12  <u>also</u> <u>Cooke v. Solis</u>, 606 F.3d 1206, 1213 (9th Cir. 2010)(acknowledging that in <u>Hayward v.</u>

13  <u>Marshall</u>, it was "held that due process challenges to California courts' application of the 'some

14  evidence" requirement are cognizable on federal habeas review under the AEDPA.")

15      A plain reading of <u>Hayward</u> and its progeny further supports the finding that Petitioner

16  adequately presented the existence of his federal claims in his state petition to the California

17  Supreme Court and that Respondent's contention that the claims are not exhausted should be

18  rejected.  Indeed, acceptance of Respondent's argument would appear to be in direct conflict with

19  the Ninth Circuit's holdings in <u>Hayward</u>, <u>Pearson</u>, and <u>Cooke</u>.

20                          **<u>RECOMMENDATION</u>**

21      Accordingly, the Court HEREBY RECOMMENDS as follows:

22      1.  That Respondent's motion to dismiss (Doc. 11), should be DENIED.

23      This Findings and Recommendations is submitted to the United States District Court

24  Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304

25  of the Local Rules of Practice for the United States District Court, Eastern District of California.

26  Within twenty (20) days after being served with a copy of this Findings and Recommendations,

27  any party may file written objections with the Court and serve a copy on all parties.  Such a

28  document should be captioned "Objections to Magistrate Judge's Findings and

1   Recommendations."  Replies to the Objections shall be served and filed within seven (7) days

2   after service of the Objections.  The Court will then review the Magistrate Judge's ruling

3   pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections

4   within the specified time may waive the right to appeal the Order of the District Court.  Martinez

5   v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6

7   IT IS SO ORDERED.

8   Dated:   **November 3, 2010**                    **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28