UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO PEREIDA,<br><br>      Petitioner,<br><br>    v.<br><br>JAMES D. HARTLEY,<br><br>      Respondent. | Case No.: 1:10-cv-00860-AWI-JLT<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION<br><br>ORDER FOR PETITIONER TO FILE A RESPONSE WITHIN THIRTY DAYS |

Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### **PROCEDURAL HISTORY**

Petitioner filed the instant federal petition on May 14, 2010, challenging a March 12, 2008 decision of the California Board of Parole Hearings ("BPH") finding Petitioner unsuitable for parole. (Doc. 1). On June 11, 2010, the Court ordered Respondent to file a response to the petition. (Doc. 7). On August 10, 2010, Respondent filed the instant motion to dismiss, contending that the petition was not exhausted because Petitioner's state petition to the California Supreme Court raised only state law issues. (Doc. 11). On August 11, 2010, Petitioner's counsel filed an opposition to Respondent's motion to dismiss. (Doc. 12). Subsequently, Respondent filed a reply (Doc. 13), and Petitioner's counsel filed a response to the reply. (Doc. 14). On November 4, 2010, the Court issued Findings and Recommendations to deny the motion to dismiss. (Doc. 15). On December 15, 2010, the Court

1

adopted those Findings and Recommendations, denied the motion to dismiss, and referred the case to the Magistrate Judge for further proceedings.  (Doc. 18).

Under normal circumstances, the Court would now order Respondent to file an Answer to the petition.  However, upon further review, and in light of intervening case law that, in the Court's opinion, may be dispositive of this case, the Court will order Petitioner to show cause why the petition should not be dismissed for lack of habeas jurisdiction.

**DISCUSSION**

I.      Preliminary Screening of the Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court…."  Rule 4 of the Rules governing Section 2254 Cases.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court…."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420.  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

II.     Failure To State A Cognizable Claim Under Federal Habeas Corpus Law.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997);

2

Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on May 14, 2010, and thus, it is subject to the provisions of the AEDPA.

Here, Petitioner alleges that he is an inmate of the California Department of Corrections and Rehabilitation who is serving an indeterminate sentence of fifteen years-to-life plus a consecutive determinate sentence of five years, imposed in the Los Angeles County Superior Court after Petitioner's 1992 conviction for second degree murder. (Doc. 1, Ex. A). Petitioner does not challenge either his conviction or sentence; rather, Petitioner challenges the March 12, 2008 decision of the Board of Parole Hearings ("BPH") finding him unsuitable for parole.

Petitioner raises the following grounds for relief: (1) Petitioner was denied his federal due process rights by the BPH in denying parole suitability at Petitioner's 2008 parole hearing because no rational nexus existed between the BPH's finding that Petitioner was an "unreasonable risk of danger" and the factors relied upon by the BPH; and (2) the BPH's decision denying parole suitability was not objectively reasonable. (Doc. 1, p. 10).

### A. Substantive Due Process Claims and California's "Some Evidence" Standard

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a)(, 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010), *rev'd*, Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, 562 U.S.___, 131 S.Ct. 859, 2011 WL 197627 (Jan. 24, 2011).  In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest.  Swarthout, 131 S.Ct. at 861-2.

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1]  Id. at 862.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.  (Citation omitted.)  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  Id.

> review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures requires are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Id.

> The Court concluded that the petitioners had received the due process to which they were due:
>
> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied…
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Id. The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause. Id. The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id. at 863.

Swarthout thus forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws. Here, the two claims in the petition sound exclusively in substantive due process and, therefore, appear to be foreclosed by Swarthout. Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain indicia, or for reliance exclusively upon the circumstances of the commitment offense to support denial of parole, or for the "objective reasonableness" of the BPH's decision, are issues that simply are not within the scope of this Court's habeas review under 28 U.S.C. § 2254, as that jurisdiction has been construed by the United States Supreme Court in Swarthout. Accordingly, it appears that the petition should be summarily dismissed.

Moreover, to the extent that the claims in the instant petition rest solely on state law, they are not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. ___,

131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

### B.  Procedural Due Process.

Petitioner has neither claimed nor established a violation of his federal right to procedural due process. Petitioner has included a transcript of the BPH hearing.  (Doc. 1, Ex. B).  From that transcript, it is clear that Petitioner was present at the BPH hearing (id., p. 4), that he had an opportunity to be heard (e.g., id., p. 21 et seq.), that he was represented by counsel who also attended the hearing and argued on Petitioner's behalf (e.g., id., p. 2), and that Petitioner received a statement of the Board's reasons for denying  parole.  (Doc. 1, Ex. B, pp.103-112).

According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. 862.  "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the instant petition does not appear to present cognizable claims for relief and should be summarily dismissed.

### **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this order why the Petition should not be summarily dismissed for lack of habeas jurisdiction.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petitioner be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **April 11, 2012**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE

6